UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Theresa Ann Pair, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  08 1917 |
| ) | |
| Bank of America, National Association, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. For purposes of diversity jurisdiction, "national banking associations [are] deemed citizens of the States in which they are respectively located," 28 U.S.C. § 1348, which the Supreme Court has interpreted "as [] the State designated in [the bank's] articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts requires dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident suing Bank of America in Cottage City, Maryland, for allegedly stealing her cash deposits. She seeks $3,500 presumably in compensatory damages and $10,000 "for mental & emotional heartache." Compl. at 2. The

complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the amount in controversy is below $75,000. Accordingly, a separate Order of dismissal accompanies this Memorandum Opinion.

Date: October 10, 2008

_____
United States District Judge